UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case number 4:07cv1158 TCM |
| ) | |
| JONATHON ROSENBOOM, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This 42 U.S.C. § 1983 action is before the Court on the motion of Defendants for an extension of time within which to complete discovery. Although the motion does not specify a length of time, Defendants explain in their accompanying memorandum that they request an extension of thirty days within which to complete discovery and by which to file a motion for summary judgment, if they so choose. Defendants also explain that the extension is necessary because they have been unable to complete the depositions of two of the four Plaintiffs. The motion for extension of time will be granted.

Also pending is Plaintiffs' motion for appointment of counsel. In their motion, Plaintiffs explain that they are housed in separate units and are able to meet for only forty-five minutes every week. They also explain that they are not trained in the law, have no access to a law library, and they are to be deposed.[1]

---

[1] Plaintiff also allege that they cannot compete against five law firms. Five attorneys from two firms, including the Attorney General of Missouri's office, have entered their appearance. The number of attorneys is not unusual given the nature of the case and Plaintiffs' decision to name thirteen defendants, including city police officers, state highway patrol officers, and employees of the Missouri Sexual Offender Treatment Center.

As noted in a previous Order, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." **Phillips v. Jasper County Jail**, 437 F.3d 791, 794 (8th Cir. 2006) (alteration added). When considering a motion requesting appointed counsel, the court should consider "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." **Id.**

In the context of the instant case, consideration of these factors militates against appointing counsel. The claims arise from an incident in which Plaintiffs allege they were assaulted by officers when they attempted to help another civilly committed resident of the Missouri Sexual Offender Treatment Center who was being forcibly medicated. Neither the factual nor legal issues appear to be complex. Plaintiffs have first-hand knowledge of the facts, and have been able to vigorously prosecute their case and its relevant issues. Their motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for an extension of time is **GRANTED** insofar as Defendants are granted a thirty-day extension of the discovery deadline and the deadline for filing dispositive motions. [Doc. 57]

**IT IS FURTHER ORDERED** that Plaintiffs' motion for appointment of counsel is **DENIED** without prejudice. [Doc. 51]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of June, 2008.